Filed 10/30/20  P. v. Ventura CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE MANUEL VENTURA,<br><br>    Defendant and Appellant. | B297443<br><br>(Los Angeles County<br>Super. Ct. No. BA209530) |


        APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Reversed.

        Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

        Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles Lee and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Jesse Manuel Ventura appeals an order dismissing his petition for resentencing pursuant to Penal Code section 1170.95 (Stats. 2018, ch. 1015, § 4). Ventura contends the trial court erred when it found him ineligible for resentencing and when it found Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) unconstitutional. The prosecution concedes Ventura is entitled to additional procedures under Penal Code section 1170.95. We agree and reverse.

All statutory references are to the Penal Code unless otherwise specified.

I

The appellate record does not contain records from Ventura's trial, such as the information, jury verdict forms, or abstract of judgment. We use the opinion in Ventura's direct appeal to provide context. (*People v. Ventura* (Dec. 23, 2002, B155942) [nonpub. opn.] (*Ventura*).) The prosecution included this opinion as an exhibit in its opposition to Ventura's petition, which is in our record. In its respondent's brief, the prosecution cites the opinion to present background about the underlying case. Ventura did not file a reply brief and thus did not dispute this background information.

Ventura and two companions confronted teenaged siblings Joel and Irma Gonzalez as the siblings walked home from school. (*Ventura, supra*, B155942.) One of Ventura's companions repeatedly asked Joel Gonzalez what gang he was from and then fatally shot him. (*Ibid.*)

According to the decision in Ventura's direct appeal, the court instructed the jury it could convict Ventura of Joel Gonzalez's murder under any one of three theories. (*Ventura, supra*, B155942.) Two of the theories were based on the natural

and probable consequences theory of aiding and abetting: 1) Ventura aided and abetted an assault with a deadly weapon and the murder was a natural and probable consequence of the assault or 2) Ventura aided and abetted the exhibition of a firearm and the murder was a natural and probable consequence of exhibiting the firearm. (*Ibid.*)

The jury found Ventura guilty of second degree murder (§ 187, subd. (a)) and found true an allegation a principal fired a gun, causing death. (*Ventura, supra*, B155942.)

The trial court sentenced Ventura to state prison for a term of 16 years to life. (*Ventura, supra*, B155942.) In 2002, this court affirmed Ventura's convictions. (*Ibid.*)

On January 8, 2019, after the Legislature passed SB 1437, Ventura filed a petition for resentencing under section 1170.95. The petition alleged 1) the prosecution filed a complaint, information, or indictment against him that permitted the prosecution to proceed under the felony-murder rule or natural and probable consequences doctrine; 2) he was convicted of first or second degree murder under one of those theories; and 3) he could no longer be so convicted because of changes to sections 188 and 189.

The trial court appointed counsel. The prosecution filed an opposition to the petition. Ventura, represented by counsel, filed a reply, and the prosecution filed a response.

On April 4, 2019, the court held a hearing to determine if, according to the court, there was "sufficient information to get us to an OSC [Order to Show Cause] or the hearing on the merits." The trial court did not issue an order to show cause and denied Ventura's petition because: 1) the preliminary hearing transcript

3

from Ventura's trial showed he actively participated in the murder and 2) SB 1437 is unconstitutional.

We reverse the court's denial order and remand for further proceedings consistent with our opinion.

II

We begin with the trial court's determination Ventura was not entitled to relief. Ventura and the prosecution correctly agree Ventura made a showing he falls within the provisions of section 1170.95 and is entitled to an order to show cause and an evidentiary hearing.

Effective January 1, 2019, SB 1437 amended the felony-murder rule and natural and probable consequences doctrine for murder. (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 allows murder liability only if a defendant was the actual killer, acted with the intent to kill, or was a major participant in an underlying felony and acted with reckless indifference to human life. (*Ibid.*; §§ 188, subd. (a)(3), 189, subd. (e).)

Before SB 1437, a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but of the resulting murder. (See *People v. Medina* (2009) 46 Cal.4th 913, 920.) This was true irrespective of whether the defendant had malice aforethought. (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.) SB 1437 eliminated this type of liability for murder.

Another accomplice theory is *direct* aiding and abetting, which requires malice aforethought. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted Mar. 18, 2020, S260598.) SB 1437 did not eliminate liability for direct aiding and abetting. (*Ibid.*)

4

SB 1437 added section 1170.95, which specifies a procedure for those convicted of felony murder or murder under the natural and probable consequences theory to petition the sentencing court to vacate their convictions and to be resentenced on any remaining counts.  (§ 1170.95, subd. (a).)

Courts follow three steps when evaluating a section 1170.95 petition.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 (*Verdugo*).)  The steps include an initial review and two prima facie reviews.  (*Id.* at pp. 327–328.)

In the first step, the court determines whether petitions are facially sufficient.  (§ 1170.95, subd. (b)(2).)

Second, before any briefing, the court determines whether the petitioner has made a prima facie showing of falling within the provisions of the section.  (§ 1170.95, subd. (c); *Verdugo*, *supra*, 44 Cal.App.5th at pp. 327–328, review granted.)

Third, the court appoints counsel, takes written briefs, and determines whether the petitioner has made a prima facie showing of being entitled to relief.  (§ 1170.95, subd. (c); *Verdugo*, *supra*, 44 Cal.App.5th at p. 328, review granted.)

If the petitioner makes a showing of entitlement to relief, the court must issue an order to show cause and hold a hearing. (§ 1170.95, subds. (c) & (d).)  At the show-cause hearing, the court determines whether the petitioner is entitled to relief. (§ 1170.95, subd. (d).)  The burden shifts to the prosecution to prove, beyond a reasonable doubt, the petitioner is ineligible for resentencing.  (*Ibid.*)

The third step of this procedure is the one at issue here. The court had appointed counsel for Ventura and had accepted

written briefs. There was a hearing, but not a show-cause hearing.

To repeat, the trial court's job at step three is to decide whether petitioners have made a prima facie showing they are "entitled to relief." (§ 1170.95, subd. (c); *Verdugo*, *supra*, 44 Cal.App.5th at p. 328, review granted.) The court examines the complaint, information, or indictment; the verdict form; and the abstract of judgment. (*Verdugo*, at pp. 329–330.) The court takes petitioners' factual allegations as true. (*Id.* at p. 329.) The court's authority to determine facts is limited to those facts the court can readily ascertain from the record. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)

We review the prima facie elements relevant to Ventura. He is entitled to relief if: 1) the prosecution filed an information against him that allowed the prosecution to proceed under the natural and probable consequences doctrine; 2) he was convicted of first or second degree murder under one of those theories; and 3) he could not be convicted because of changes to sections 188 or 189. (§ 1170.95, subd. (a).)

The trial court erroneously determined Ventura failed to demonstrate he was eligible for relief because, according to the court, the preliminary hearing showed Ventura actively participated in the murder.

As the prosecution concedes, the existence of some evidence Ventura may have directly aided and abetted the shooter is insufficient to show he is ineligible for section 1170.95 relief as a matter of law. His jury was instructed on the natural and probable consequences theory of aiding and abetting. The record did not prove the jury necessarily convicted Ventura of murder based on a theory of direct aiding and abetting. Ventura

6

thus made a showing he falls within the provisions of section 1170.95 and he has the right to an order to show cause and an evidentiary hearing to determine if he is entitled to resentencing.

As an independent ground for denying the petition, the trial court held SB 1437 unconstitutional. In two comprehensive opinions, the Fourth Appellate District, Division One, analyzed and rejected this reasoning, finding SB 1437 constitutional. (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270; *People v. Lamoureux* (2019) 42 Cal.App.5th 241.) On appeal, all parties agree SB 1437 is constitutional. We concur.

## DISPOSITION

The order denying Ventura's petition for resentencing is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and conduct a hearing in accordance with section 1170.95, subdivision (d).


WILEY, J.


We concur:


BIGELOW, P. J.


STRATTON, J.

7